UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT MCFARLANE** : | CIVIL ACTION NO. 3:23-1185 |
| **Plaintiff** : | |
| | (JUDGE MANNION) |
| v. : | |
| **JOSEPH HOLLY**, *et al.*, : | |
| **Defendants** : | |

FILED
SCRANTON
AUG 2 1 2023
Per_____
DEPUTY CLERK

## ORDER

**NOW, THEREFORE,** upon consideration of Plaintiff's motion for reconsideration of this Court's July 19, 2023 Order dismissing Plaintiff's motion for appointment of counsel as premature, without prejudice to refiling, once Plaintiff's financial information had been received, (Doc. 10), and it appearing that Plaintiff's motion fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010) (finding that a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct clear error of law or fact or to prevent manifest injustice), but, instead, simply disagrees with

the Court's determination. See Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration (Doc. 13) is **DENIED**.

MALACHY E. MANNION
United States District Judge

**Date: August 21, 2023**
23-1185-03