**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT MCFARLANE** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:23-1185** |
| **v.** | : | **(JUDGE MANNION)** |
| **JOSEPH HOLLY, *et al*.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Currently before the Court are: (1) *pro se* Plaintiff Robert Mcfarlane's "Objections" to part of a prior Order of Court, which directed the Clerk of Court to strike his proposed amended complaint; (2) Mcfarlane's motion for leave to file an amended complaint; (3) Mcfarlane's request for entry of default against Defendants (and fellow state prisoners) Jeff Lafferty and David George Reppert (collectively, the "Inmate Defendants"); (4) Mcfarlane's motion to show good cause for his failure to properly serve the Inmate Defendants; and (5) Defendants Joseph Holly, M. Dunkle, P. Woods, Mrs. Cobian, and Mrs. Jacobson (collectively, the "DOC Defendants")'s motion for an extension of the case management deadlines. For the reasons stated below, the Court will: (1) construe Mcfarlane's "Objections" as a motion for reconsideration and deem it withdrawn due to his failure to file a supporting brief; (2) grant Mcfarlane's motion for leave to file an amended

complaint as unopposed; (3) direct the Clerk of Court to strike Mcfarlane's request for entry of default; (4) deny Mcfarlane's motion for good cause and dismiss without prejudice his claims against the Inmate Defendants for his failure to timely serve them with his complaint; and (5) grant the DOC Defendants' motion to extend the case management deadlines.

## I. BACKGROUND

While incarcerated at Pennsylvania State Correctional Institution ("SCI") Mahanoy ("SCI Mahanoy") on August 21, 2021, the Inmate Defendants allegedly used a thirty-pound bag of bocce balls to brutally assault Mcfarlane, leading to severe injuries, including nerve damage and multiple facial fractures. *See* (Doc. 1 at 11, 12). Almost two years later, on July 10, 2023, Mcfarlane commenced the instant action by filing a complaint in the Eastern District of Pennsylvania ("EDPA") in which he asserts claims against: (1) the Inmate Defendants; (2) the DOC Defendants; (3) SCI Mahanoy Unit Manager Carroll ("Carroll"); (4) SCI Camp Hill Superintendent M. Gourley ("Gourley"); (5) SCI Camp Hill Unit Manager Stracco ("Stracco"); and (6) T. Heist ("Heist"), SCI Camp Hill's Assistant to the Superintendent.

(Doc. 1.)[1] Mcfarlane's claims expressly include claims under 42 U.S.C. §1983 for violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. *See* (*id.* at 16).

The EDPA transferred Mcfarlane's complaint to this Court on July 17, 2023. (Doc. 5.) On the same date, Mcfarlane filed a motion to appoint counsel (Doc. 8), which this Court dismissed as premature on July 19, 2023 (Doc. 10).

On August 9, 2023, the Court issued an Order directing the Clerk of Court to send copies of Mcfarlane's complaint and waiver of service forms to Defendants. (Doc. 14.) On the same date, Mcfarlane filed a motion for

---

[1] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). When filing his complaint, Mcfarlane did not include a declaration stating when he delivered the complaint to prison authorities for mailing to the EDPA Clerk of Court. Nonetheless, the envelope containing the complaint is postmarked July 10, 2023. See (Doc. 1 at 21). As such, the Court uses July 10, 2023, as the complaint's filing date even though the EDPA Clerk of Court did not docket it until July 12, 2023. *Cf.* Fed. R. App. P. 4(c)(1)(A)(ii) (providing that evidence such as a postmark may establish the date of filing of a notice of appeal by a prisoner). The Court also notes that Mcfarlane paid the filing fee for this case. *See* (Doc. 11).

reconsideration of the Court's Order denying his motion to appoint counsel (Doc. 13), which the Court denied on August 21, 2023 (Doc. 15).[2]

The DOC Defendants, Gourley, Stracco, and Heist returned waivers of service, and they filed a motion to dismiss Mcfarlane's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a supporting brief on October 10, 2023, and October 23, 2023, respectively. (Docs. 19, 20.) Mcfarlane responded to the motion to dismiss by filing an opposition brief along with a motion to compel discovery on November 1, 2023. (Docs. 21, 22.) On the same date, Mcfarlane filed a brief in support of his motion to compel discovery. (Doc. 22.) Defendants Gourley, Stracco, Heist, and the DOC Defendants filed a brief in opposition to Mcfarlane's motion to compel discovery on November 14, 2023 (Doc. 23), and Mcfarlane filed a reply brief in further support of his motion to compel discovery on December 11, 2023 (Doc. 24).

The Court issued a Memorandum and Order on March 11, 2025, which, *inter alia*: (1) granted the moving Defendants' motion to dismiss; (2) dismissed Mcfarlane's First Amendment access-to-court claims and his

---

[2] Mcfarlane later filed an amended motion for reconsideration (Doc. 18), which the Court also denied (Doc. 26).

Fourteenth Amendment due process claims; (3) dismissed his claims against Gourley, Stracco, and Heist; (4) dismissed with prejudice Mcfarlane's Section 1983 official-capacity claims for monetary damages against the remaining Defendants; and (5) denied Mcfarlane's motion to compel discovery. (Docs. 27, 28.) Two weeks later, on March 25, 2025, the DOC Defendants filed an answer with affirmative defenses to Mcfarlane's complaint. (Doc. 29.)

Mcfarlane proceeded to file a proposed amended complaint on April 21, 2025. (Doc. 30.)[3] On May 16, 2025, Mcfarlane filed a motion for a default judgment against Carroll and the Inmate Defendants (Doc. 33) as well as a motion for leave to file an amended complaint so he could add an additional defendant (Doc. 34). The DOC Defendants then filed a motion to take Mcfarlane's deposition and a suggestion of Carroll's death on June 11, 2025, and June 16, 2025, respectively. (Docs. 35, 37.)

---

[3] On the same date, Mcfarlane also filed a request for production of documents, which was improper under the Local Rules. *See* M.D. Pa. L.R. 5.4(b) ("Interrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the court.").

On September 24, 2025, the DOC Defendants filed a motion to strike Mcfarlane's proposed amended complaint (Doc. 38), a supporting brief (Doc. 39), and their first motion to extend the time to complete discovery (Doc. 40). On September 29, 2025, the Court issued an Order which, *inter alia*: (1) deemed withdrawn Mcfarlane's motion for a default judgment and motion to amend his complaint to add an additional defendant due to his failure to file a supporting brief as required by the Local Rules; (2) granted the DOC Defendants' motion to depose Mcfarlane; (3) granted the DOC Defendants' motion to strike Mcfarlane's proposed amended complaint and directed the Clerk of Court to strike the proposed amended complaint from the docket in this case; (4) dismissed with prejudice Mcfarlane's claims against Carroll due to Carroll's death; and (5) granted the DOC Defendants' motion to extend the case management deadlines and established new discovery and dispositive motions deadlines. *See* (Doc. 41 at 5–6). Additionally, the Court directed Mcfarlane to show cause within twenty-one days why the Court should not dismiss his claims against the Inmate Defendants without prejudice for his failure to timely serve them pursuant to Federal Rule of Civil Procedure 4(m). *See* (*id.* at 6).

On October 20, 2025, Mcfarlane filed "Objections" to the part of the Court's Order directing the Clerk of Court to strike his proposed amended

complaint (Doc. 42), a motion for leave to file an amended complaint (Doc. 43), a proposed amended complaint (Doc. 44), a brief in support of his motion for leave to file an amended complaint (Doc. 45), a request for entry of default against the Inmate Defendants (Doc. 46), and "Motion to Show Good Cause for the Failure to Properly Serve the Defendants as Ordered by the Court" (Doc. 47). Then, on January 21, 2026, the DOC Defendants filed their second motion to extend the case management deadlines. (Doc. 50.)

## II. DISCUSSION

As indicated above, currently pending before the Court are Mcfarlane's "Objections" to the part of the Court's Order directing the Clerk of Court to strike his proposed amended complaint, his motion for leave to file an amended complaint, his request for entry of default against the Inmate Defendants, his "Motion to Show Good Cause for the Failure to Properly Serve the Defendants as Ordered by the Court," and the DOC Defendants' motion to extend the case management deadlines. The Court will address each submission in turn.

### A. Mcfarlane's "Objections"

Mcfarlane has filed "Objections" to the part of the Court's September 29, 2025 Order directing the Clerk of Court to strike his proposed amended complaint. (Doc. 42 at 1–3.) He asserts that the Court erred by concluding

that he improperly filed an amended complaint because he properly filed a proposed amended complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1) insofar as he filed it within twenty-one days of the filing of the DOC Defendants' answer to his complaint. *See* (Doc. 42 at 2–3). As discussed below, Mcfarlane's argument lacks merit because he misreads Rule 15(a)(1).

In the first instance, neither the Federal Rules of Civil Procedure nor the Local Rules permit a party to file objections like those Mcfarlane filed in this case.[4] As such, the Court construes Mcfarlane's submission as a motion for reconsideration. So construed, the Court will deem the motion withdrawn due to Mcfarlane's failure to file a supporting brief. *See* M.D. Pa. L.R. 7.10 ("Any motion for reconsideration . . . must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned.").

Even if the Court did not deem the motion for reconsideration withdrawn, the Court would deny it because it lacks merit. Although Federal

---

[4] In circumstances in which a District Judge refers a matter to a Magistrate Judge for issuance of a report and recommendation, a party may "file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. §636(b)(1). That is not what occurred here.

Rules of Civil Procedure 59(e) and 60(b) generally govern motions for reconsideration, they are inapplicable here because Rule 59(e) applies only to a "judgment," Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."), and Rule 60(b) applies only to any "final judgment, order or proceeding." Fed. R. Civ. P. 60(b); *see also Torres v. Chater*, 125 F.3d 166, 168 (3d Cir. 1997) (explaining that Rule 60(b) "applies only to 'final' judgments and orders"). The Court's Order granting the DOC Defendants' motion to strike and directing the Clerk of Court to strike Mcfarlane's proposed amended complaint is neither a judgment nor a final order; instead, it is an interlocutory order. *See In re Kutner*, 656 F.2d 1107, 1110–11 (5th Cir. 1981) ("[A]n interlocutory order is one that does not finally dispose of the entire case, but merely decides some incidental matter connected with the litigation."); *see also Bonin v. Sabine River Auth. of Tex.*, No. 19-cv-527, 2025 WL 1879603, at *1 n.3 (E.D. Tex. June 25, 2025) ("[T]he Court's granting of a motion to strike is an interlocutory order, not a final judgment." (citations omitted)), *aff'd*, 175 F.4th 573 (5th Cir. 2026). Motions for reconsideration of interlocutory orders are governed by Federal Rule of Civil Procedure 54(b). *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether

denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b).”). Therefore, this Court is not limited by the standards applicable to motions for reconsideration under Rules 59(e) and 60(b) in reviewing Mcfarlane’s motion. *See id.* (explaining that reconsideration of interlocutory orders “may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or ‘the need to correct a clear error of law or fact or to prevent manifest injustice’” (quoting *Max’s Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999))). “Instead, the court may permit reconsideration whenever ‘consonant with justice to do so.’” *Id.* (quoting *St. Mary’s Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007)).

When determining whether reconsideration of an interlocutory order under Rule 54(b) is appropriate, the Court is mindful of:

> the need for finality of judgments and preservation of judicial resources. [As such, b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. *See Confer v. Custom Eng’g Co. Emp. Health Benefit Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991). Moreover, whether involving a final or interlocutory order, a motion for reconsideration is “not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a

> point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). A reconsideration motion should not be used to try to get a "second bite at the apple," *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010), or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question, *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993).

*See id.* at 295–96.

Here, Mcfarlane does not satisfy his burden to show that the Court should reconsider its prior Order because he misreads Federal Rule of Civil Procedure 15 when he claims that he could file his amended complaint as a matter of right once the DOC Defendants filed their answer to his original complaint. Rule 15 permits a plaintiff to amend their complaint "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), ***whichever is earlier***." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). In this case, insofar as the DOC Defendants filed a motion to dismiss his complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 19), Mcfarlane had twenty-one days thereafter to file an amended complaint as of right per Rule 15(a)(1)(A). As the Court already explained when granting the DOC Defendants' motion to strike, once that twenty-one-day period passed without Mcfarlane filing an amended complaint, he lost his ability to file an

amended complaint as a matter of course, *i.e.*, without leave of court or his opponents' consent. *See* (Doc. 41 at 3–4); *see also* 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE §1483 (3d ed. updated April 2026) (explaining that "only one amendment as a matter of course is permitted" and that "the time period in which a right to amend terminates now is the same 21-day period whether a responsive pleading or a Rule 12 motion is involved"). As such, the Court properly granted the DOC Defendants' motion to strike and directed the Clerk of Court to strike Mcfarlane's proposed amended complaint from the docket in this case because he did not properly file it. Accordingly, even if the Court addressed Mcfarlane's motion on the merits, the Court would deny it because reconsideration is unwarranted.

**B. Mcfarlane's Motion for Leave to File an Amended Complaint**

Mcfarlane moves for leave to file an amended complaint (Docs. 43, 45), and he has filed a proposed amended complaint along with his motion (Doc. 44). The DOC Defendants have not filed a response to Mcfarlane's motion, and the time for them to do so has passed. *See* M.D. Pa. L.R. 7.6 ("Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief."). As such, the Court will grant the motion as unopposed, *see id.* ("Any party who fails to comply with this rule shall be deemed not to

oppose such motion."), direct the Clerk of Court to docket Mcfarlane's proposed amended complaint as his amended complaint, and establish a deadline for Defendants to respond to the amended complaint.

**C. Mcfarlane's Response to the Court's Order to Show Cause**

In response to the part of the Court's September 29, 2025 Order directing Mcfarlane to show cause why the Court should not dismiss his claims against the Inmate Defendants for failing to timely serve them pursuant to Rule 4(m), he filed a motion in which he purportedly seeks to show good cause. (Doc. 47.) In this motion, Mcfarlane does not recognize that he failed to properly serve the Inmate Defendants with his complaint. Instead, he appears to assert that he properly served them because he mailed them notices and waiver of service forms in July 2023 and then mailed them his improperly filed proposed amended complaint in April 2025. *See* (Doc. 47 at 1).

Mcfarlane incorrectly asserts that he effected proper service on the Inmate Defendants. For proper service, the Federal Rules of Civil Procedure require that a plaintiff serve a defendant with a summons and copy of their complaint. *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish

the necessary copies to the person who makes service."). The Rules also provide that someone other than the plaintiff must serve the summons and complaint, *see* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old ***and not a party*** may serve a summons and complaint."); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916."), and service on individuals (such as the Inmate Defendants) located within a judicial district of the United States must comply with Rule 4(e). Rule 4(e) provides as follows:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Here, although the Clerk of Court and, apparently, Mcfarlane, sent copies of the complaint and waiver of service forms to the Inmate Defendants, mailing those forms to them, even if the Court presumes that they received these documents, does not constitute proper service under the Federal Rules of Civil Procedure because the Inmate Defendants never received a summons along with a copy of the complaint.[5] In addition,

[5] The Federal Rules permit a plaintiff to send a copy of the complaint and waiver of service forms to a defendant by mail, *see* Fed. R. Civ. P. 4(d)(1)(G) (requiring that "[t]he notice and request [to waive service] must . . . be sent by first-class mail or other reliable means."); however, they do not allow a plaintiff to serve a summons and complaint upon a defendant by mail. *See Carruth v. Pennsylvania*, 779 F. App'x 993, 995 (3d Cir. 2019) (unpublished) ("Serving an individual . . . by mail is not permitted under the Federal Rules of Civil Procedure."). Additionally, even though Rule 4(e) states that a plaintiff may effect service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), Pennsylvania state law does not allow service by mail unless the defendant is located outside Pennsylvania. *See* Pa. R. Civ. P. 404 ("Original process shall be served outside the Commonwealth . . . by mail in the manner provided by Rule 403 . . . ."). Even then, such service requires mailing "by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Thus, regular first-class mail is insufficient to effect proper service under Pennsylvania law.

Mcfarlane ignores the purpose of the waiver forms, which is to avoid the need to serve a defendant with the summons and complaint in accordance with the Federal Rules. *See* Fed. R. Civ. P. 4(a)(1) ("The plaintiff may notify [an individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)] that an action has been commenced and request that the defendant waive service of a summons."). Thus, mailing the waiver of service forms to the Inmate Defendants merely gave them the option to waive service, which they did not accept insofar as they failed to sign and return executed waivers of service. *See* Fed. R. Civ. P. 4(d)(4) (providing that, upon return of a completed waiver, "proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver"); *see also* 4A WRIGHT & MILLER'S FEDERAL PRACTICE AND PROCEDURE §1094 n.5 ("[S]ervice via Rule 4(d) is effective only if the defendant returns the waiver. Otherwise, the summons and complaint must be served using another authorized method."). Because the Inmate Defendants did not return waivers of service, it was incumbent on Mcfarlane (who is not proceeding *in forma pauperis* in this case) to request that the Clerk of Court issue summonses for them so he could attempt to effect proper service under Rule 4(e). Mcfarlane never took any action to ensure that the Clerk issued summonses for the Inmate Defendants once they failed

to waive service.[6] Therefore, Mcfarlane has not properly served the Inmate Defendants with his original complaint.[7]

As for Mcfarlane's proposed amended complaint, it is of no moment that he provided the Inmate Defendants with a copy of his proposed amended complaint because he improperly filed it without leave of court or with consent of the DOC Defendants. Moreover, even if Mcfarlane had properly filed an amended complaint and mailed a copy of it to the Inmate Defendants, his service argument still fails because they did not waive service of a summons and his original complaint, and he never served them with a summons and complaint in accordance with the Rules.

Because Mcfarlane failed to serve the Inmate Defendants in this case, Federal Rule of Civil Procedure 4(m) applies. Rule 4(m) states in pertinent part that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant

---

[6] Mcfarlane also never filed a motion requesting that the Court direct the United States Marshals to effect service pursuant to Rule 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").

[7] For this reason, the Court will direct the Clerk of Court to strike Mcfarlane's request for entry of default.

> or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "If good cause is found, the District Court must grant an extension to effect service. If not, the District Court may dismiss the complaint or grant a discretionary extension." *Shi v. Forbes Health Found.*, No. 24-2277, 2025 WL 3553732, at *1 (3d Cir. Dec. 11, 2025) (unpublished) (internal citation omitted); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995) (stating that Rule 4(m) "require[s] a court to extend time if good cause is shown and . . . allow[s] a court discretion to dismiss or extend time absent a showing of good cause").

In this case, Mcfarlane does not articulate any possible good cause outside of his mistaken belief that he properly served the Inmate Defendants. *See* (Doc. 47 at 1–2); *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (explaining that a litigant must provide an explanation as to "what, if any, circumstances constitute sufficient 'good cause' to excuse . . . [an] apparent lack of diligence"). Mcfarlane's mistaken belief relating to service is insufficient to show good cause for his failure to serve the Inmate Defendants. *See, e.g.*, *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (affirming district court's conclusion that plaintiffs failed to show good cause for failing to serve two defendants based on their "mistaken

belief" that they served these defendants); *Dixon v. Stedman*, No. 22-cv-3581, 2023 WL 2710405, at *7 (E.D.N.Y. Mar. 30, 2023) ("A mistaken belief that service was proper is not good cause under Rule 4(m)."); *Rowe v. Nevada*, No. 22-cv-14, 2023 WL 2561156, at *3 (D. Nev. Mar. 17, 2023) ("Rowe's mistaken belief or lack of understanding regarding service of process does not demonstrate either good cause or excusable neglect. He does not proffer any evidence in support of a finding under either standard, nor does he ask me to make such a finding."); *Sall v. George*, No. 20-cv-214, 2022 WL 686863, at *8 (D. Vt. Feb. 4, 2022) ("Neither 'a mistaken belief that service was proper' nor 'neglect and inadvertence' 'suffice to support good cause.'" (quoting *Jonas v. Citibank, N.A.*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006))), *report and recommendation adopted*, 2022 WL 685485 (D. Vt. Mar. 8, 2022); *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 527 (M.D. Pa. 2010) ("While it appears that plaintiffs believed that they had properly served the defendants, ignorance of the law does not rise to the level of exhibiting a reasonable basis for their noncompliance with the service requirements of Rule 4.").

Notwithstanding Mcfarlane's failure to show good cause for his failure to serve the Inmate Defendants, the Court must consider whether a discretionary extension of time to complete service of process is warranted.

*See Petrucelli*, 46 F.3d at 1305 (holding that, "when entertaining a motion to extend time for service, the district court must [first] determine whether good cause exists for an extension of time. . . . If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."). In doing so, this Court may:

> consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (unpublished) (citing Fed. R. Civ. P. 4(m), advisory committee's note to 1993 amendment and *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997)); *see also* Fed. R. Civ. P. 4(m), advisory committee's note to 1993 amendment ("Relief may be justified . . . if the applicable statute of limitations would bar the refiled action, . . . if the defendant is evading service or conceals a defect in attempted service[,] . . . if necessary to correct oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations. The district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." (citations omitted)).

Here, the Court recognizes that Mcfarlane is incarcerated and proceeding *pro se*, and that the applicable statute of limitations would likely bar him from refiling a complaint against the Inmate Defendants considering that the incident at issue occurred in August 2021, *see* 42 Pa. C.S. §5524 (providing a two-year statute of limitations for "action[s] for assault [and] battery"). However, there are several aspects of this case weighing against extending the time for Mcfarlane to serve the Inmate Defendants. Those aspects include, *inter alia*: (1) Mcfarlane's failure to request that the Clerk of Court issue summonses despite having years to do so; (2) his failure to previously seek an extension of time to serve them; (3) the age of this case; and (4) the status of this case insofar as discovery has already started. Based on these aspects, the Court finds that a discretionary extension of time to serve the Inmate Defendants is unwarranted here, even though the statute of limitations likely bars any attempt by Mcfarlane to refile a complaint against the Inmate Defendants. *See Petrucelli*, 46 F.3d at 1306 ("We emphasize that the running of the statute of limitations does not require the district court to extend the time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." ); *see also United States v. Deuerling*, No. 14-

cv-642, 2018 WL 4565574, at *5 (W.D. Pa. Sept. 24, 2018) (determining that discretionary extension of time to serve third-party complaint was unwarranted, despite potential statute of limitations bar, because third-party plaintiff "had ample time in which to serve [t]hird [p]arty [d]efendants, never asked the Court for an extension of time, and— even in responding to the motions to dismiss—never provided any explanation for her failure to serve in a timely manner"). Accordingly, the Court will deny Mcfarlane's motion for good cause and dismiss without prejudice his claims against the Inmate Defendants for his failure to timely serve them with his complaint.

### D. The DOC Defendants' Motion to Extend Case Management Deadlines

The DOC Defendants seek a ninety-day extension of time for discovery following the Court's resolution of Mcfarlane's motion for leave to file an amended complaint. *See* (Doc. 50 at 1–2.) They assert that their "ability to properly take discovery is inhibited because they do not know whether the Court will permit . . . Mc[f]arlane to amend his complaint." (*Id.* at 2.)

Although the Court expresses skepticism about the impact of Mcfarlane's motion for leave to file an amended complaint on the DOC Defendants' ability to conduct discovery, the Court finds that they have set forth good cause for their requested extension. *See* Fed. R. Civ. P. 16(b)(4)

("A schedule may be modified only for good cause and with the judge's consent."); Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."). Accordingly, the Court will grant the DOC Defendants' motion and extend the case management deadlines in this case.

## III. CONCLUSION

For the above reasons, the Court will: (1) construe Mcfarlane's "Objections" as a motion for reconsideration and deem it withdrawn due to his failure to file a supporting brief; (2) grant Mcfarlane's motion for leave to file an amended complaint as unopposed; (3) direct the Clerk of Court to strike Mcfarlane's request for entry of default against the Inmate Defendants; (4) deny Mcfarlane's motion for good cause and dismiss without prejudice his claims against the Inmate Defendants; and (5) grant the DOC Defendants' motion to extend the case management deadlines.

s/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 21, 2026**
23-1185-02